Riley, Judge, dissenting.
[19] I agree with the post-conviction court that Edward Ivy (Ivy) is not entitled to post-conviction relief because his trial counsel was not ineffective in failing to *114 object to the jury instructions as given. When read together, I find that the jury instructions sufficiently apprised the jury of the essential elements necessary to convict Ivy of attempted murder under an accomplice liability theory. Therefore, I dissent from the majority opinion.
[20] A trial court "commits fundamental error when i[t] fails to instruct the jury that in order to find an accomplice guilty of attempted murder, it must find that the accomplice possessed the specific intent to kill when he knowingly or intentionally aided, induced or caused the principal to commit the crime of attempted murder." Specht v. State , 838 N.E.2d 1081, 1089 (Ind. Ct. App. 2005), trans. denied . In the case at hand, Jury Instruction Number 9 specified that "[b]efore you can convict [Ivy] as an accessory[,] the State must prove the elements of the crime and that [Ivy] knowingly or intentionally aided another to commit the crime." (Appellant's Direct Appeal App. p. 47). Thus, to find the elements of the crime satisfied, the jury necessarily had to determine that Ivy "[a]ct[ed] with the specific intent to kill" and that he "knowingly or intentionally aided another." (Appellant's Direct Appeal App. pp. 39, 47). Accordingly, I would affirm the post-conviction court because "any failing in the first part of the [accomplice liability] jury instruction [which fails to include the specific intent element] is cured when the instruction is read as a whole." (Appellant's PCR App. Vol. II, p. 88).[3]

Therefore, although not addressed by the majority opinion, I would also find that Ivy's appellate counsel did not render ineffective assistance by declining to raise as an issue that the trial court's jury instructions amounted to fundamental error.